Smith, C. J.
The question is not whether the defendants may not be entitled to relief, but whether the matter pleaded is, in law, a bar to the award of execution. The defendant stipulated that Samuel Ladd should appear at the S. C., February Term, 1812, and answer to all such matters as should be objected against him, especially in relation to the complaint of one Palmer, and not depart without license. It is admitted that Ladd did not appear ; but he excuses his non-compliance with the condition of the recognizance on the ground that his compliance would have been of no advantage to the public, because nothing was objected against Ladd. This plea is predicated on the idea that the engagement that Ladd should appear is not absolute, but conditional; that is, Ladd was to appear if the State objected any thing against him at that Term; this must mean, if the Attorney-General filed an information, made a motion, or the grand jury found a bill. Upon this recognizance, the State could only demand performance when a bill was found, or information filed and motion for commitment; so that Ladd need not attend the first day; well enough if he get in the second week of the court. Now all this is extremely new and very ingenious. Suppose it should so happen that there wras no public prosecutor at that Term, or no grand jury. Why, then, no person under recognizance need give himself the trouble to attend; he can plead the public negligence as an excuse for his own. Blackstone says, our sturdy ancestors thought it beneath their dignity to appear at first summons in civil suits. But Samuel Ladd goes further; he scorns to be troubled, unless the State *324 are all ready, and have need of him. But suppose, on account of the non-attendance of witnesses, neither information nor indictment can be found, and the Attorney-General should think it his duty to move that defendant find new sureties for his appearance next Term ; this cannot be done. Samuel Ladd was only demandable in case of indictment found or information 'filed.
To one who gets what little knowledge he may have on these subjects from books, all this must seem very absurd. He can understand this recognizance in no other sense than as imposing on the accused the obligation of appearance,— absolute and unconditional appearance, not depending on any supposed occasion or necessity for, or utility in, his appearance. “ To answer to what may be objected ” is inserted merely to distinguish this from a recognizance-of a different kind. There are different kinds of recognizances: to keep the peace; be of good behavior; appear and testify; appear and answer. This is of the latter kind. Suppose it had been to testify, and the cause should, on some other account, be continued ; would it be pretended that the recognizance was not forfeited ? Suppose, to be of good behavior; could recognizor plead that he had behaved well, and therefore his appearance not necessary ?
It seems clear that a recognizance may be discharged (but not clear that this may be pleaded after recognizance declared forfeited) by dissolution of the body politic, the State ; death of recognizor; by order of court; or [?] release of any one who has the control of the prosecution. Com. Dig. PI. 2 W. 34; Cro. Eliz. 608; Com. Dig. Justice Peace, B. 6, 7, 8; Parker, 54; 1 Wils. 315 ; 11 Mod. 200. I think, in this case, defendant could only plead death of Samuel Ladd; this might answer the purposes of public justice as well as his appearance. This engagement is definite, and certain, and absolute. (a) There are cases where other pleas might be made. *325 Recognizance for good behavior; the party appears; doubtless he may plead has behaved well. This is matter en pads ; to save forfeiture. 6 G. Bacon, 108.
How could the plaintiffs, the State, answer this plea ? The State cannot say, We would have objected, if he had appeared ; we would have moved for new sureties to appear at next Term; we would, as the State may, by law, when any man appears in court, for good cause, require sureties for good behavior, &c. They must plead bill found, or information filed ; or, perhaps, though this plea excludes it, that they would have objected if not disappointed in the attendance of the attorney-general, the grand jury, a principal witness. All this shows the absurdity of the principle on which this plea is bottomed.
I do not say that nothing can be pleaded after forfeiture declared, but I am clear that the record cannot be contradicted. (a) Indeed, this plea does not attempt it. Certain, however, it is that many things may be, and usually are, alleged, to prevent forfeiture, or estreating as it is called, which could not avail by way of plea. On sufficient cause shown, courts respite recognizances, i. e. the forfeiture, delay issuing of scire facias, &c. 10 Mod. 278. So, in England, under certain statutes, after levy on judgment on scire facias, they may order the money to be restored in [on?] payment to prosecutor his costs. This is under Stat. 4 Geo. III; 4 Burr. 2118 ; 11 Mod. 200; 1 Wils. 315. This relief by statute is a different thing; it cannot be claimed by plea. In this State, part of the debt, when collected, may be paid over, by order of court, to a prosecutor. Laws, ed. 1805, 238. Perhaps, in this case, the C. C. P., as this forfeiture accrues to the county (Laws, ed. 1805, 238), may remit it, p. 56.
But I presume nothing serious was intended by this plea, and an apology may be due for treating it with the gravity I have done; and yet, perhaps, the dignity of one of the parties requires all this gravity.
*326 Let the demurrer then stand; the plea in bar be adjudged insufficient; and execution be awarded for the sum mentioned in the recognizance in each of these eases, v. Locke, and v. Varney.[1]
[According to the record, the replication was held good; and execution issued against Varney.]

 Suppose S. L. had appeared, and nothing was objected by P. or any other; still held recognizance forfeited, unless discharged by order of court. 2 Hawk. 178. See Strange, 1220.

 That defendant could not say — did appear; or make any excuse for non-appearance, except, perhaps, that bail may show principal dead.

 This decision is sustained by State v. Stout, 1829, 6 Halst. 124; State v. Cooper, 1829, 2 Blackf. (Ind.) 226; Alley v. People, 1844, 1 Gilm. (Ill.) 109; Champlain v. People, 1848, 2 N. Y. (Comstock) 82; Garrison v. People, 1859, 21 Ill. 535; Pack v. State, 1861, 23 Ark. 235; Fleece v. State, 1865, 25 Ind. 384; Wheeler v. People, 1866, 39 Ill. 430. And see also Fitch v. State, 1820, 2 Nott & M. 558; Savage, C. J., in People v. Stager, 1833, 10 Wend. 431, 434; State v. Haskett, 1836, 3 Hill (S. C.), L. 95; United States v. White, 1837, 5 Cranch, C. C. 368; State v. Cole, 1857, 12 La. Ann. 471; State v. Ansley, 1858, 13 La. Ann. 298; Merrick, C. J., in State v. Forno, 1859, 14 La. Ann. 454, 455; State v. Loeb, 1869, 21 La. Ann. 599; State v. Poston, 1876, 63 Mo. 521; 1 Chit. Crim. L. 105.
State v. Brown, 1864, 16 Iowa, 314, is an authority in the opposite direction. See also People v. Lafarge, 1853, 3 Cal. 130; Liceth v. Cobb, 1855, 18 Ga. 314; State v. Lockhart, 1858, 24 Ga. 420; State v. Woodley, 1858, 25 Ga. 235; People v. Hunter, 1858, 10 Cal. 502; Bryant v. Commonwealth, 1867, 3 Bush, 9; Commonwealth v. Blincoe, 1867, 3 Bush, 12 (but compare 3 Bush, 19, 22, 550); Territory v. Hildebrand, 1876, 2 Mon. T. 426; Lamp v. Smith, 1876, 56 Ga. 589.
The views expressed by James, J., in People v. Felton, 1860, 36 Barb. 429, 435, 436, do not impugn the result reached in StdTe v. Varney; although they are irreconcilable with some of the cases cited above in support of that decision.
In some States, by statute or long usage, the condition of the recognizance is much narrower than that in State v. Varney. It is supposed that decisions turning upon these restricted conditions are not to be regarded as authorities in conflict with Stale v. Varney.